UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEMETRIA GUIUAN,**<br><br>    **Plaintiff,** *pro se*,<br><br>v.<br><br>**THERESA VILLAFLOR,**<br>**MARK VILLAFLOR,**<br>**ADELAIDA S. SUA,**<br>**REYNALDO A. SUA,**<br>**BPI FAMILY SAVINGS BANK  INC.,**<br>**and JEWELYN JACINTO,**<br><br>    **Defendants.** | 2:08-cv-363 (WJM)<br><br><br>**ORDER**<br><br>**HON. WILLIAM J. MARTINI** |

   **THIS MATTER** arises upon a Motion for an Order to Suppress Defendants' Answer and Counterclaim and Entry of Default filed by Plaintiff Demetria Guiuan. Plaintiff argues that Defendants Theresa Villaflor, Mark Villaflor, Adelaida S. Sua, and Reynoldo A. Sua's Answer and Counterclaim should be suppressed and default entered, because the Answer was  (1) filed untimely, and (2) baseless and frivolous.  The Court disagrees.

   Fed. R. Civ. P. 12(a)(1)(A)(i) requires that a defendant's answer be served upon the plaintiff within twenty days of service of the summons and complaint in order to be considered timely.  Although electronic service of process may in most instances be considered sufficient, *pro se* plaintiffs in this district may not be served electronically unless express consent is given pursuant to L.Civ.P. Rule 5.2.  As Plaintiff in this case is *pro se* and has not consented to electronic service, the Court finds that Defendants' February 28, 2008 electronic filing of its Answer and Counterclaim on CM/ECF was insufficient service of process.  As Plaintiff argues that service of the summons and complaint was made on February 8, 2008, Defendants untimely effectuated service by mailing on February 29, 2008, one day beyond the twenty-day period.

Nevertheless, the Court, after reviewing the parties' submissions and noting that Defendants contest proper service on February 8, 2008, finds that Defendants' mistake in assuming proper service by electronic filing was not made in bad faith and did not prejudice Plaintiff.  Given the Court's preference for an adjudication on the merits and in the interests of justice, the Court finds Defendants' pleading will be accepted in this instance.  Furthermore, the Court has determined that Defendants' Answer and Counterclaim was not baseless, frivolous, or dilatory.  Based on the foregoing reasons, and for good cause having been shown,

**IT IS** on this 26th day of June, 2008, hereby,

**ORDERED** that Plaintiff Demetria Guiuan's Motion for an Order to Suppress Defendants' Answer and Entry of Default is denied.

s/William J. Martini

**William J. Martini, U.S.D.J.**