UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
      **JUDGE**

# LETTER OPINION

September 8, 2010

Demetria Guiuan
179 W. Mt. Pleasant Avenue
P.O. Box 172
Livingston, NJ 07039-172
     *(Pro Se Plaintiff)*

BPI Family Savings Bank, Inc.
Jewelyn Jacinto, Bank Officer
C/O BPI Express Remittance Corporation
875 Third Avenue, Suite 202
New York, NY 10022
     *(Defendants)*

     RE:   *Guiuan v. Villaflor, et al.*
           Civil Action No. 08-363 (WJM)

Dear Litigants:

     This action comes before the Court on the motion of Plaintiff Demetria Guiuan ("Guiuan") for default judgment against Defendants BPI Family Savings Bank, Inc. ("BPI") and Jewelyn Jacinto ("Jacinto").  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Guiuan's motion is **DENIED WITH PREJUDICE.**  Default judgment shall not be entered against either BPI or Jacinto.  Further, Defendants

1

BPI and Jacinto are **DISMISSED WITH PREJUDICE** from this action.

## I.   BACKGROUND

In June 2003, Plaintiff entered into a contract to purchase a house and surrounding plot of land located in the Philippines from Adelaida and Reynaldo Sua ("the Suas"), who were formerly defendants in this action.[1]  (Pl. Cmplt. ¶¶1-3).  The property was purchased subject to a mortgage held by Defendant BPI, a bank located in the Philippines.  (*Id*. at ¶ 6).  Upon execution of the deed of sale, Plaintiff, through her son Joson ("Joson"), began making mortgage payments on the property to BPI.  (*Id*.).  She paid off three months' worth of arrears and in addition made regular payments on the mortgage every month between June 2003 and August 2007.  (*Id*.).  Before monthly payments came due, Plaintiff and her son would often receive reminder phone calls or text messages from Jacinto, a BPI employee and bank officer located in the Philippines.  (*Id*. at ¶ 34).

On September 6, 2007, Plaintiff and Joson went in person to a BPI branch in the Philippines to pay off the final balance on the mortgage and obtain a transfer of title certificate indicating that Joson owned the property outright.  (*Id*. at ¶¶ 7-8).  However, BPI and bank employee Jacinto refused to accept the payment, stating that Adelaida Sua had instructed them not to allow Plaintiff or Joson to make any more payments on the mortgage.  (*Id*. at ¶ 8).  By means of explanation, Jacinto stated that Adelaida Sua had told her that Plaintiff and Joson did not own the property and were merely renting it from the Suas.  (*Id*.).  Plaintiff and Joson made no further mortgage payments on the property.  (*Id*. at ¶ 9).  It does not appear that the Suas or any other party made any additional payments either, because shortly thereafter, BPI began foreclosure proceedings on the property due to non-payment of the mortgage.  (*Id*.).

Plaintiff filed a Complaint against BPI and Jacinto, among other defendants, in the District of New Jersey on January 18, 2008.  (CM/ECF Docket Entry No. 1).  On January 30, 2008, the Court issued summonses as to BPI and Jacinto.  (*Id*. at No. 2).  Plaintiff allegedly served BPI and Jacinto on February 12, 2008, and subsequently filed proof of alleged service with the Court.  (Certification of Demetria Guiuan dated April 2, 2010, ¶ 2; CM/ECF Docket Entry Nos. 7, 34).  By April 21, 2010, over two years later, neither BPI nor Jacinto had answered or otherwise responded to the Complaint.  Therefore, Plaintiff moved for and obtained entries of default from the Clerk of the Court as to both BPI and Jacinto, as stipulated by Fed. R. Civ. P. 55(a).  (CM/ECF Docket Entry No. 34).  Presently before the Court is Plaintiff's Motion for Default Judgment against BPI and Jacinto pursuant to Fed. R. Civ. P. 55(b).

## II.   ANALYSIS

When an entry of default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to consider whether it has personal jurisdiction over that party.  *Williams v. Life Sav. and Loan*, 802 F.2d 1200,

---

[1] Because Plaintiff purchased the house and land for her son, Joel Guiuan Joson ("Joson"), it is his name that appears on the documentation, not hers.

1203 (10th Cir. 1986); *ExxonMobil Oil Corp. v. Wakile & Sons, Inc*., 2009 WL 5103223, *1 (D.N.J. December 19, 2009). A district court may assert personal jurisdiction over a non-resident defendant to the extent allowed by the law of the forum state only. *Time Share Vacation Club v. Atl Resorts Ltd*., 735 F.2d 61, 63 (3d Cir. 1984); *O'Connor v. Sandy Lane Hotel Co. Ltd*, 496 F.3d 312, 316 (3d Cir. 2007). Thus, the court must first apply the relevant state's long arm statute to see if it permits the exercise of personal jurisdiction. Then the court must apply the Due Process Clause of the Constitution. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258-259 (3d Cir. 1998).

In New Jersey, the exercise of personal jurisdiction over a non-resident defendant is allowed to the fullest limits of the Due Process Clause of the Constitution. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). In order to assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment requires that (1) the defendant have "minimum contacts" with the forum, and (2) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Toys "R" US, Inc. v. Step Two, S.A*., 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Pinker v. Roche Holdings Ltd*., 292 F.3d 361, 368 (3d Cir. 2002)); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts exist when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction. *Metcalfe v. Renaissance Marine, Inc*., 566 F.3d 324, 334 (3d Cir, 2009). Because general and specific jurisdiction are "analytically distinct categories," the Court must consider the facts relevant to each category separately. *Id*.

A court may have general jurisdiction over a defendant who has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the cause of action. *BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp*., 229 F.3d 254, 259 (3d Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). If the defendant's contacts fall short of the "continuous and systematic" standard, then there is no general jurisdiction and the court must consider whether specific jurisdiction exists.

Specific jurisdiction exists if the defendant purposefully directed its activities at the forum, and the litigation arises out of or relates to at least one of those activities. *BP Chemicals Ltd.*, 229 F.3d at 259. Specific jurisdiction is both claim-specific and defendant-specific. *See Remick v. Manfredy*, 238 F.3d 248, 255-56 (3d Cir. 2001*); Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

Once minimum contacts have been established under either general or specific jurisdiction, the Court must next determine if exercising personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. *Burger King Corp*., 471 U.S. at 476; *International Shoe Co.*, 326 U.S. at 310. Courts addressing the fairness question may consider the burden on the defendant, whether or not defendant should have reasonably anticipated being haled into court in the forum, the forum state's

3

interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.  *Id.*

If the Court concludes that the exercise of personal jurisdiction comports with the requirements of the Due Process Clause, then it must finally consider whether service of process was valid.  A district court cannot exercise personal jurisdiction over a defendant unless the summons and complaint were properly served.  *Lampe v. Xouth, Inc*., 952 F.2d 697, 700-01 (3d Cir. 1992); *Chiang v. U.S. Small Business Administration*, 331 Fed. Appx. 113, 115 (3d Cir. 2009).

Here, it appears that neither BPI nor Jacinto have minimum contacts with the forum state.  Both BPI and Jacinto are non-resident Defendants, being residents of the Philippines.  General jurisdiction is clearly lacking, as Plaintiff does not allege any systematic or continuous contacts between BPI or Jacinto and New Jersey or any contacts at all that do not arise out of this action.

Specific jurisdiction is also absent.  BPI's contacts with New Jersey in this case are limited to having received and accepted multiple mortgage payments sent indirectly from Plaintiff, a forum resident.  However, these payments were not made directly from a bank in New Jersey to BPI; rather, Plaintiff wired the funds from her bank in New Jersey to her son's bank account in the Philippines.  At that point, her son, a resident of the Philippines, transmitted the money from his bank account to BPI.  BPI never entered into a contract with Plaintiff nor was the mortgage contract ever transferred into her name.  Moreover, even if Plaintiff had wired the money to BPI directly from New Jersey, or BPI and Plaintiff had entered into a contract directly, these factors would be insufficient to give rise to minimum contacts (*see Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 333 (3d Cir. 2009), stating that mere entry into a contractual relationship with a forum resident does not confer personal jurisdiction over the party); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 262 (3d Cir. 2008) (finding that depositing a check from a bank in a state was insufficient to establish personal jurisdiction in that state); *Western Textile, Inc. v. Transprint U.S.A., Inc*., 1996 WL 172195, at n. 1 (N.D.Ill. April 10, 1996) (denouncing the contention as absurd that accepting a payment from a bank in a state could give rise to personal jurisdiction in that state).

Jacinto's sole contact with the forum was calling Plaintiff in New Jersey on several occasions to remind her that a payment was due.  This also falls short of establishing minimum contacts.  *See Sunbelt Corp. v. Noble, Denton & Assocs*., 5 F.3d 28, 32 (3d Cir. 1993) ("informational communications" with a forum resident regarding a contract are insufficient to generate personal jurisdiction).  Therefore, the Court does not have personal jurisdiction over either BPI or Jacinto.  As such, default judgment cannot be entered against Defendants, and the motion must be denied and dismissed with prejudice.[2]  Moreover, because personal jurisdiction is lacking over BPI and Jacinto, the

---

[2] It also appears to the Court that service of process as to BPI and Jacinto was likely deficient.  The affidavits of service merely state that "the defendant" was personally served without mentioning the defendant by name or, with respect to Jacinto, providing any description of her.  However, it is not necessary for the Court to analyze this concern further, because regardless of the validity of the service of process, personal jurisdiction is lacking.

Court shall sua sponte dismiss them from this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(2). *See* Fed. R. Civ. P. 12(b)(2); *Decker v. Dyson*, 165 Fed.Appx. 951, 953 (3d Cir. 2006) (upholding district court's dismissal of defendants when personal jurisdiction was lacking); *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (sua sponte dismissal is appropriate when the relevant defect is apparent from the face of the complaint).

### III.　CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **DENIED** and **DISMISSED WITH PREJUDICE.** Defendants BPI and Jacinto are sua sponte **DISMISSED WITH PREJUDICE** from this action. An appropriate order follows.


　　　　　　　　　　　　　　　　　　/s/ William J. Martini　　　　　　
　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**